UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODAS DIAZ (A-221-370-645),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-3021 DJC CSK<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Rodas Diaz (A-221-370-645), a native and citizen of Honduras, entered the United States without inspection in September 2024, filed a verified pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Subsequently, petitioner's motion for appointment of counsel was granted.  On March 21, 2026, petitioner was taken into custody and detained by U.S. Immigration and Customs Enforcement ("ICE").  This habeas action concerns petitioner's March 2026 detention.  For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus, requiring respondent to provide petitioner with a bond hearing, and denying the motion for temporary restraining order as unnecessary.

---

[1]  Petitioner was granted leave to proceed in forma pauperis.  (ECF No. 13.)  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner, a 30 year old native and citizen of Honduras, entered the United States without inspection in September 2024.  (ECF Nos. 8-1 at 1 (Form I-213); ECF No. 14 at 1; ECF No. 17 at 1.)  On March 18, 2026, Las Vegas police arrested petitioner for felony drug possession.  (ECF Nos. 8-1 at 2, 14 at 1.)  ICE lodged an immigration detainer, Form I-247A, with the Clark County Detention Center.  (ECF No. 8-1 at 2.)  On March 21, 2026, petitioner was taken into ICE custody and detained.  (Id.; ECF No. 14 at 1.)  Petitioner has lived in the United States since September 2024, and had no contact with immigration officials prior to his March 21, 2026 detention.  (ECF No. 17 at 1.)

Immigration records confirm petitioner had no criminal history prior to his recent felony drug arrest.  (Id.)  Petitioner alleges that he has been denied an opportunity to seek release on bond.  (ECF No. 1 at 7.)  Petitioner alleges he is depressed, unable to get timely medical care, and is unable to talk to his family due to lack of funds.  (ECF No. 1 at 7.)  Petitioner has been in ICE custody continuously since March 21, 2026.  (ECF No. 14 at 1.)

## II.    PROCEDURAL BACKGROUND

On April 21, 2026, petitioner filed his petition for writ of habeas corpus and motion for temporary restraining order.  (ECF Nos. 1, 2.)  On April 21, 2026, the district court referred this matter to the undersigned.  (ECF No. 5.)  On April 23, 2026, respondent filed a timely opposition.  (ECF No. 8.) On May 12, 2026, this Court granted petitioner's motion for appointment of counsel.  (ECF No. 10.)  On May 19, 2026, counsel was appointed to represent petitioner.  (ECF No. 11.)  On June 1, 2026, petitioner's counsel was granted an extension of time to file a supplemental reply.  (ECF No. 13.)  On June 12, 2026, petitioner's counsel filed a timely reply.  (ECF No. 14.)  On June 21, 2026, respondent filed a request to submit on the existing record.  (ECF No. 15.)  On June 27, 2026, as ordered by this Court, petitioner filed a verified supplement

---

[2] Petitioner filed a verified habeas petition.  (ECF No. 1 at 9.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondent contends petitioner came to the attention of ERO because of petitioner's arrest for a felony drug possession charge on March 18, 2026, but otherwise does not contest petitioner's factual allegations.  (See ECF No. 8.)

to his reply brief.  (ECF No. 17.)  Briefing is now complete.

III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner alleges his mandatory detention without a bond hearing violates his rights to due process under the Fifth Amendment and his statutory rights under 8 U.S.C. § 1226.  (ECF No. 1 at 6-7 (claims one and two).)  In his third claim, petitioner contends that he faces irreparable harm based on his detention for almost a month.  (Id. at 7 (claim three).)  Respondent does not argue that petitioner is a flight risk or a danger to the community and instead argues that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing.  (ECF No. 8 at 1-3.)  Respondent also argues that petitioner has no liberty interest in remaining out of custody during removal proceedings, claiming petitioner had an encounter with law enforcement and his period of release was terminated because of the law enforcement encounter.  (Id. at 3.)

Respondent does not argue that petitioner is subject to detention under 8 U.S.C. § 1226(c) or § 1231.

///

3

### A.    Statutory Claim (Claim Two)

The issue here is whether petitioner, who was detained while living in the United States is detained pursuant to § 1226(a), as petitioner argues, or whether petitioner is now subject to mandatory detention under § 1225(b)(2), as respondent argues.  8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing."  Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  Respondent contends § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 8 at 1-2.)

The Court concludes that § 1226(a) applies to petitioner.  First, petitioner was not encountered at the border, but was living in the United States when he was detained.  (ECF Nos. 14 at 1; 17 at 1; see also ECF No. 8-1 at 1-2.)

Second, this Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondents' new interpretation[3] of Sections 1225 and 1226.  See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28,

---

[3]  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026) [4]; Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); Rodriguez Vazquez v. Bostock, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have

---

[4] The full case citation also includes the following: Juan Manuel Lopez-Campos (25-1965); Juan Carlos Sanchez Alvarez (25-1969); Jose Daniel Contreras-Cervantes; Fredy De Los Angeles-Flores; Mariela Virginia Ocando-Leon; Luis Felipe Jarquin-Jarquin; Debbie Vasquezcruz; Jairo Manuel Godoy-Perez; Marifer Diaz-Alcantar; Miguel Angel Reyes-Sanchez (25-1978); Jesus Jose Pizarro Reyes (25-1982) v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations (25-1965/1969/1978/1982); Markwayne Mullin, Sec'y of U.S. Dep't of Homeland Security; U.S. Dep't of Homeland Sec. (25-1965/1969); Todd W. Blanche, Acting U.S. Att'y General; Exec. Off. of Immigr. Rev. (25-1965), 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.").

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, though respondents do not cite to Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. 2026), or Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), this Court acknowledges that these circuits disagree.  This Court does not find Buenrostro-Mendez or Avila to be persuasive, and instead finds the analysis in Castañon-Nava, 161 F.4th at 1060-62, and Barbosa da Cunha, 2026 WL 1146044, to be more persuasive.  See also Lopez-Campos, 2026 WL 1283891, at *1; Hernandez Alvarez, 2026 WL 1243395; Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava, 161 F.4th at 1052); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same).  As the Second Circuit explained in Barbosa da Cunha:

> Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs

> detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.
>
> This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

Barbosa da Cunha, 2026 WL 1146044 at *2.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country since September 2024, and petitioner's March 2026 arrest and detention were not upon his arrival to the United States.  "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention."  Jennings, 583 U.S. at 306 (citing 8 CFR §§ 236.1(d)(1)).  If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release.  Rodriguez Diaz v. Garland, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  As such, petitioner should have been provided a bond hearing before his detention and is entitled to relief on his statutory claim (claim two).

### B.    Petitioner's Other Claims for Relief

Because the court is granting the petition on the statutory claim (claim two), the Court need not address any additional claims (claims one and three) raised in the petition.  See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the

petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").  Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim two.

### C.   Summary

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim two).

## VI.   REMEDY

As relief in both his habeas petition and his motion for temporary restraining order, petitioner requests immediate release from custody or, in the alternative, a bond hearing.  (ECF No. 1 at 8; ECF No. 2 at 8.)  In opposition, respondent refers to petitioner's prior release, claiming that petitioner's arrest by law enforcement terminated petitioner's prior release, and argues that the "agency's previous determination to grant release--particularly if that release was conditional and petitioner violated those conditions--does not alter petitioner's status nor endow petitioner with constitutional rights not provided for by statute." (ECF No. 8 at 3.)

On June 27, 2026, petitioner's counsel confirmed that petitioner entered the United States in September 2024, undetected, and had no prior immigration contact prior to his March 21, 2026 arrest and detention.  The Form I-213 provided by respondent reflects no prior contact with immigration officials, and states petitioner's date of entry into the United States is unknown. (ECF No. 8-1 at 1-2.)

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a) (see ECF Nos. 8-1 at 1-2; 14 at 1), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting

8

his request for a bond hearing under Section 1226(a)[.]”); see also J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026) (recommending bond hearing where no prior release on bond pursuant to § 1226(a)), findings and recommendations adopted by, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same).  The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.  See J.S. v. Wofford, 2026 WL 125258, at *8; 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)).  At this hearing, “[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community.” J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof).

## VII.    PENDING MOTIONS

### A.   Motion for Temporary Restraining Order

As noted above, petitioner filed a motion for temporary restraining order.  (ECF No. 2.) In light of the recommendation that the petition be granted, this Court recommends that the motion for temporary restraining order be denied as unnecessary.

### B.   Request to Submit on Existing Record

On June 21, 2026, respondent filed a request to submit this matter on the existing record. (ECF No. 15.)  Respondent’s request is granted.

## VIII.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent’s request to submit this matter on the existing record (ECF No. 15) is GRANTED.

Further, IT IS RECOMMENDED that:

1. Petitioner’s motion for temporary restraining order (ECF No. 2) be DENIED;

2. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

3. Respondent be ordered to provide petitioner Jose Rodas Diaz (A-221-370-645), with a bond hearing within **seven days** of the adoption of these findings and

recommendations where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community.  Petitioner shall be allowed to have his counsel present at the bond hearing.  If petitioner is granted release on bond, respondent shall return all of petitioner's documents and possessions to petitioner at the time of release.

4.  If respondent fails to provide petitioner a bond hearing within **seven days**, petitioner shall be immediately released from Respondents' custody.  Respondent shall return all of petitioner's documents and possessions to petitioner at the time of release.

5.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/roda3021.157.2241.imm.bond

10